IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

**FILED**
APR 28 2005

MARIANO V. FAVAZZA
CLERK, CIRCUIT COURT
BY _____ DEPUTY

| | |
|---|---|
| **NICOLE SHAW,** | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 052-09827 |
| **NVE, INC.,** | ) Division No. 13 |
| Serve: Registered Agent: | ) PERSONAL INJURY/ |
|     Harvard Business Services, Inc., | ) PRODUCT LIABILITY |
|     16192 Coastal Highway | ) |
|     Lewes, Delaware 19958 | ) JURY TRIAL REQUESTED |
| | ) BY PLAINTIFF |
| **NVE PHARMACEUTICALS, INC.,** | ) |
| Serve: Officer or Office Manager | ) |
|     15 Whitehall Road | ) |
|     Andover, NJ 07821 | ) |
| **JIM STRICKLIN D/B/A** | ) |
| **STRICKLIN C STORE,** | ) |
| Serve at:   HCR 63 Box 3192 | ) |
|     Ironton, MO 63650 | ) |
| **ROMINE DISTRIBUTING, INC.,** | ) |
| and | ) |
| **CB DISTRIBUTORS, INC.,** | ) |
| Serve: Registered Agent: | ) |
|     Steven P. Zimmerman | ) |
|     1701 E. State Street | ) |
|     Rockford, Illinois 61104 | ) |
| Defendants. | ) |



RECEIVED
Via hand
MAY 31 2006
NVE

## PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW Plaintiff Nicole Shaw, and for her first amended cause of action against Defendants, states as follows:

### THE PARTIES

1. That Plaintiff Nicole Shaw is a resident and citizen of the State of Missouri.

2. That Defendant Jim Stricklin is a sole proprietor of a business named Stricklin C Store and in the business of sale and distribution of weight loss products in the State of Missouri, including the sale or distribution of the product, Stacker 2 which is the subject of this action and Defendant Jim Stricklin sold Stacker 2 to Plaintiff.

3. That Defendant NVE Pharmaceuticals, Inc. is a foreign corporation licensed to do business in the state of Missouri and is in the business of the formulation, manufacture, and distribution of various weight loss products including the product, Stacker 2, which is the subject of this action and Defendant NVE Pharmaceuticals, Inc., manufactured and/or distributed the Stacker 2, which was sold to Plaintiff.

4. That Defendant NVE, Inc. is a foreign corporation licensed to do business in the state of Missouri and is in the business of the formulation, manufacture, and distribution of various weight loss products including the product, Stacker 2, which is the subject of this action and Defendant NVE, Inc., manufactured and/or distributed the Stacker 2, which was sold to Plaintiff.

5. That Defendant Romine Distributing, Inc. is a Missouri corporation and was in the business of distributing various weight loss products, including the product, Stacker 2, which is the subject of this action and Defendant Romine Distributing, Inc., distributed and/or sold the Stacker 2, which was sold to Plaintiff.

2

6. That Defendant CB Distributors, Inc. is an Illinois corporation and was in the business of distributing various weight loss products, including the product, Stacker 2, which is the subject of this action and Defendant CB Distributors, Inc., distributed and/or sold the Stacker 2, which was sold to Plaintiff.

## COUNT I

### (Strict Product Liability)

COMES NOW Plaintiff Nicole Shaw and for Count I of her First Amended Petition against Defendants NVE, Inc., NVE Pharmaceuticals, Inc., Jim Stricklin d/b/a Stricklin C Store, Romine Distributing, Inc., and CB Distributors, Inc., states as follows:

7. That Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1-6 as fully set forth verbatim.

8. That on or about December 7, 2002, Plaintiff purchased the product, Stacker 2, at Stricklin C Store in Ironton, Missouri.

9. That thereafter, Plaintiff ingested several tablets of Stacker 2 suffering a massive stroke and has been disabled ever since.

10. That the product, Stacker 2, was formulated, manufactured, marketed, sold and/or distributed, with among other things, the ingredients Ma Huang and Ephedra, substances that have unreasonably dangerous propensities including causing stroke, vascular collapse and heart attack, after human consumption.

11. Ma Huang contains ephedrine, as well as other Ephedra group alkaloids including norephedrine, pseudoephedrine, methylephedrine and norpseudoephedrine. The ephedrine alkaloids are sympathomimetic amines which affect the cardiovascular system by increasing blood pressure and heart rate, and also act as central nervous system stimulants.

12. Norephedrine, one of the Ephedra group alkaloids, is a chemical component of phenylpropsnolamine [PPA]. PPA is a synthetic sympathomimetic amine that was used in many over-the counter weight loss medications. PPA was withdrawn from the United States market by the Food and Drug Administration following an October, 2000 study published in the New England Journal of Medicine. The study indicated that PPA caused a statistically significant increased risk of negative side effects.

13. Since 1983, the FDA has prohibited the marketing of over-the-counter drugs containing PPA or synthetic ephedrine in combination with caffeine due to the adverse health effects. Stacker 2 contained an herbal source of both ephedrine and caffeine, therefore it provided the same pharmacological agents as those over-the-counter drugs banned by the FDA.

14. The December 21, 2000 edition of the New England Journal of Medicine reported the adverse events of consuming herbal Ephedra products. The negative events reported included heart attacks, strokes, and seizures.

15. In October, 2002 the American Medical Association issued a paper encouraging the FDA to remove dietary supplements that contained ephedrine alkaloids from the United States market because the risks outweighed the benefits.

16. On February 6, 2004 the FDA prohibited the sale of dietary supplements containing ephedrine alkaloids and advised consumers to discontinue use. On April 12, 2004 the prohibition was put into effect.

17. The American Heart Association has agreed in a public announcement that dietary supplements containing Ephedra should be removed from the market.

18. The National Institutes of Health guidelines for the treatment of obesity state that herbal preparations, including Ephedra-containing products, are not recommended as part of a weight-loss program.

19. Defendants knew or should have known that dietary supplements containing Ma Huang and/or ephedrine in the quantities contained in Stacker 2 were unreasonably dangerous to consumers.

20. That at the time of the formulation, manufacture, distribution, and sale of the product Stacker 2 and at the time that it was sold to Plaintiff, it was defective and unreasonably dangerous, in the following respects:

   a) The product contained Ma Huang and Ephedra which are substances that have known propensities to cause stroke, vascular collapse and heart attack.

   b) That the product was not sufficiently tested before being released on the market for human consumption;

   c) That the amount or dose of Ma Huang was not tested before incorporation in the formulation of the product Stacker 2; and

   d) That the amount or dose of Ephedra was not tested before incorporation in the formulation of the product Stacker 2.

21. That the packaging utilized with the Stacker 2 product did not sufficiently warn the consuming public that the product contained Ma Huang and Ephedra which have the propensity to cause stroke, vascular collapse and/or heart attack.

22. That said dangerous and defective conditions in the Stacker 2 product existed at the time that the product was delivered by the manufacturer and distributor and at the time that Defendant Jim Stricklin sold and/or distributed the Stacker 2 to Plaintiff, and at the time of the occurrence, December 7, 2002, the Stacker 2 product was in substantially the same condition as when manufactured, distributed and/or sold.

05/31/2006 16:01 IFAX faxemurr.com → Inbound Fax 009/015
Case 1:07-cv-02865-JSR   Document 4-3   Filed 04/24/2007   Page 6 of 12
05/31/2007 17:02   9737867485   NVE LAW DEPARTMENT   PAGE   09/15

23. That the Stacker 2 product ingested by Plaintiff was being used in the manner reasonably anticipated on December 7, 2002. Further, it was reasonably anticipated by Defendant that the product would be ingested by humans after being placed in the stream of commerce.

24. That as a direct result of the defective and unreasonably dangerous condition of the Stacker 2 product, Plaintiff sustained injuries including a stroke which has caused mental slowness, brain damage, diminished capacity for speech, motor weakness in her extremities, facial palsy, and other neurologic injuries.

25. That as a direct result of the Stacker 2 product being in a defective and unreasonably dangerous condition as aforesaid, Plaintiff has been caused to undergo extensive medical therapy, physical therapy and treatment and incurred expenses for said treatment and will be caused to undergo treatment in the future and that Plaintiff has been caused to suffer loss of earnings and will suffer from a diminishment in her earning capacity.

WHEREFORE, Plaintiff prays judgment against Defendant NVE, Inc., NVE Pharmaceuticals, Inc., Jim Stricklin d/b/a Stricklin C Store, Romine Distributing, Inc., and CB Distributors, Inc., in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) together with her costs herein expended.

## COUNT II

### (Negligence)

COMES NOW Plaintiff Nicole Shaw and for Count II of her First Amended Petition against Defendants NVE, Inc., NVE Pharmaceuticals, Inc., Jim Stricklin d/b/a Stricklin C Store, Romine Distributing, Inc., and CB Distributors, Inc., alleges as follows:

26. That Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1-25 as though fully set forth herein.

27. That at the time of the occurrence on December 7, 2002, Plaintiff was using the Stacker 2 product in a manner reasonably anticipated by Defendants.

28. That the injuries to Plaintiff on December 4, 2002 were directly and proximately caused by the negligence of Defendants NVE, Inc., NVE Pharmaceuticals, Inc., Jim Stricklin d/b/a Stricklin C Store, Romine Distributing, Inc., and CB Distributors, Inc., in the following respects:

- a) Defendants negligently and carelessly failed to warn Plaintiff of the dangerous propensities of the Stacker 2 product;

- b) Defendants negligently and carelessly failed to warn the public at large about the dangerous propensities of the Stacker 2 product;

- c) Defendants negligently and carelessly failed to formulate, manufacture, sell and/or distribute the Stacker 2 product by eliminating the dangerous ingredients, namely Ma Huang and Ephedra;

- d) Defendants negligently and carelessly failed to formulate and manufacture the Stacker 2 product in such a manner as would eliminate the dangerous ingredients, namely Ma Huang and Ephedra from inclusion in the product; and

- e) Defendants negligently and carelessly failed to perform tests on the Stacker 2 product to determine its safety.

29. That as a direct result of Defendants' negligence, as aforesaid, Plaintiff sustained injuries which included infarction of blood vessels in her brain, brain damage, mental slowness, diminishment of the ability to communicate, motor weakness in her extremities, along with other neurologic injuries.

30. That as a result of the Defendants' negligence, as aforesaid, Plaintiff has been caused to undergo extensive medical therapy, physical therapy and treatment and incurred

expenses for said treatment and will be caused to undergo treatment in the future, and Plaintiff has been caused to loss of earnings and a diminishment of earning capacity.

WHEREFORE, Plaintiff Nicole Shaw prays for judgment against Defendants NVE, Inc., NVE Pharmaceuticals, Inc., Jim Stricklin d/b/a Stricklin C Store, Romine Distributing, Inc., and CB Distributors, Inc., in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) together with her costs herein expended.

## COUNT III

### (Breach of Implied Warranty)

COMES NOW Plaintiff Nicole Shaw and for Count III of her First Amended Petition against Defendants NVE, Inc., NVE Pharmaceuticals, Inc., Jim Stricklin d/b/a Stricklin C Store, Romine Distributing, Inc., and CB Distributors, Inc., alleges as follows:

31. That Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1-25 as though fully set forth herein.

32. That Defendants NVE, Inc., and NVE Pharmaceuticals, Inc. formulated, manufactured, marketed, sold, and/or distributed the Stacker 2 product that was ultimately purchased by Plaintiff.

33. That Defendant Jim Stricklin d/b/a Stricklin C store marketed, sold and/or distributed the Stacker 2 product that was ultimately purchased by Plaintiff.

34. That at the time of the sale of the product Stacker 2, Defendants knew or should have known the use for which the product would be purchased, knew or should have known that the product would be ingested by human beings including Plaintiff, and knew or should have known that the product contained the ingredients Ma Huang and Ephedra which have dangerous propensities, including stroke, vascular collapse and heart attack.

Case 1:07-cv-02865-JSR  Document 4-3  Filed 04/24/2007  Page 9 of 12
05/31/2006 16:01 IFAX fax@aurf.com → Inbound Fax ☒012/015
05/31/2007 17:02  9737867485  NVE LAW DEPARTMENT  PAGE 12/15

35. That Plaintiff reasonably relied on Defendants' judgment that the Stacker 2 product was fit for the use to which it was intended, specifically weight loss.

36. That at the time the Stacker 2 product was sold by Defendants, it was not fit for such uses for the reasons described previously, incorporated herein by reference.

37. That as a direct result of the Stacker 2 product being unfit for the uses for which it was intended, Plaintiff sustained the aforementioned injuries due to her ingestion of the product.

WHEREFORE, Plaintiff prays for judgment against Defendants NVE, Inc., NVE Pharmaceuticals, Inc., Jim Stricklin d/b/a Stricklin C Store, Romine Distributing, Inc., and CB Distributors, Inc., in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) together with her costs herein expended.

## COUNT IV

### (Punitive Damages)

COMES NOW Plaintiff and for Count IV of her First Amended Petition against Defendants NVE, Inc., NVE Pharmaceuticals, Inc., Jim Stricklin d/b/a Stricklin C Store, Romine Distributing, Inc., CB Distributors, Inc., alleges as follows:

38. That Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1-25 as though fully set forth herein.

39. That Defendants NVE, Inc., and NVE Pharmaceuticals, Inc. formulated, manufactured, marketed, distributed and/or sold and Defendant Jim Stricklin d/b/a Stricklin C Store sold and/or distributed to the general public a dietary supplement (Stacker 2) that was defective, dangerous and hazardous, and that included an ingredients Ma Huang and Ephedra which were known to cause stroke, vascular collapse and heart attack and breached warranties of fitness for a particular purpose.

Case 1:07-cv-02865-JSR    Document 4-3    Filed 04/24/2007    Page 10 of 12
05/31/2006 16:01 IFAX fax@nurn.com    Inbound Fax    013/015
05/31/2007 17:02    9737867485    NVE LAW DEPARTMENT    PAGE 13/15

40. As a direct result, Defendants NVE, Inc., and NVE Pharmaceuticals, Inc. and Jim Strickland d/b/a Strickland C Store actions and inactions, Plaintiff sustained serious and permanent injuries as a result of her ingestion of the Stacker 2 product.

41. That at the time, Defendants NVE, Inc., and NVE Pharmaceuticals, Inc. formulated, manufactured, marketed, distributed and/or sold and Defendant Jim Strickland d/b/a Strickland C Store sold and/or distributed the Stacker 2 product, Defendants knew or should have known that the ingredients of Stacker 2, Ma Huang and Ephedra, were unsafe and hazardous in that they had the propensity to cause stroke, vascular collapse and heart attack.

42. That Defendants recklessly, willfully, intentionally, and with a reckless disregard of the possible consequences actively formulated, manufactured, sold, marketed and/or distributed said product to the public without providing appropriate warnings to the public of the existence of said dangers and hazards and without remedying said dangers and hazards.

43. That Defendants' conduct as above alleged was willful, intentional, wanton, reflects a reckless disregard of the possible results to the Plaintiff and to the public as a whole and Plaintiff is thereby entitled to exemplary and punitive damages against Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants NVE, Inc., NVE Pharmaceuticals, Inc., Jim Stricklin d/b/a Stricklin C Store, Romine Distributing, Inc., and CB Distributors, Inc., in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) together with her costs herein expended.

## COUNT V

### (Missouri Merchandising Practices Act)

COMES NOW Plaintiff and for Count IV of her First Amended Petition against Defendants NVE, Inc., NVE Pharmaceuticals, Inc., Jim Stricklin d/b/a Stricklin C Store, Romine Distributing, Inc., and CB Distributors, Inc., alleges as follows:

44. That Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1-24 as though fully set forth herein.

45. Count V is brought pursuant to Mo. Ann. Stat. §§ 407.020 and 407.025 (2004) in that Defendants NVE, Inc., and NVE Pharmaceuticals, Inc., individually and acting by and through its actual or apparent agents, engaged in one or more of the following acts, methods or practices of deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression or omission of material fact by:

 a) Failing to disclose that the dietary supplement, Stacker 2, contained herbal sources of ephedrine, therefore providing the same pharmacological agents as those over-the-counter drugs banned by the FDA and that they proximately caused health problems;

 b) Concealing the known and potential health risks, including heart attacks, strokes, and seizures;

 c) Omitting, suppressing, and concealing that Stacker 2 was not safe, and that ingestion of dietary supplements containing Ma Huang and Ephedra were associated with the health problems in preceding paragraphs set forth herein; and

 d) Misrepresenting that Stacker 2 safe despite that Defendants NVE, Inc., and NVE Pharmaceuticals, Inc. knew or should have known of reports of various health problems associated with the ingestion of herbal sources of Ephedra found in Stacker 2, and that Stacker 2 was not safe.

46. The aforesaid conduct of Defendants NVE, Inc., and NVE Pharmaceuticals, Inc. showed a complete indifference to or a conscious disregard to the safety and well-being of persons, including the Plaintiff and was knowingly in violation of Mo. Ann. Stat. §§ 407.020 and

11

407.025 (2004), Missouri's Merchandising Practices Act, thus entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants NVE, Inc., NVE Pharmaceuticals, Inc., Jim Stricklin d/b/a Stricklin C Store, Romine Distributing, Inc., and CB Distributors, Inc., in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) together with her costs herein expended.

                                      CERVANTES & ASSOCIATES

                                      Leonard P. Cervantes - #25043
                                      Michael J. McDonnell - #30271
                                      1007 Olive Street, Fourth Floor
                                      St. Louis, Missouri 63101
                                      (314) 621-6558
                                      (314) 621-6705 (fax)
                                      Attorneys for Plaintiff